UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SENAQU THOMAS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., and MARLENE HENZE,<br><br>　　　　　　Defendants. | No. 21-cv-4410<br><br>Hon. Steven C. Seeger<br><br>Hon. Young B. Kim |

**DEFENDANTS' MOTION FOR SANCTIONS**

Defendants, Wexford Health Sources, Inc. and Marlene Henze, pursuant to Federal Rule of Civil Procedure 37, this Court's inherent authority, and this Court's order of March 6, 2024 [Dkt. 80], respectfully request that the Court enter an order imposing sanctions against Plaintiff, Senaqu Thomas, for his repeated failures to respond to complete written discovery and abide by this Court's orders.

Defendants respectfully submit that, given the context of this case, the appropriate sanction is dismissal of this litigation with prejudice. In support thereof, Defendants state as follows:

1. Defendants timely issued interrogatories and requests for production to Plaintiff on November 2, 2023. [Dkt. 73].

2. On December 29, 2023, the parties reported that Plaintiff's responses remained outstanding and that Plaintiff requested an unopposed extension to January 12, 2024 to respond. The Court admonished Plaintiff but granted the request. It set January 12th as a "firm" deadline. [Dkts. 73 & 74].

3. On January 16, 2024, Plaintiff unilaterally filed *pro se* discovery responses with the Court. [Dkt. 75]. On February 2, 2024, the parties reported that Defendants had requested clarification from Plaintiff's counsel as to if his *pro se* responses constituted "final" answers given Plaintiff's

represented status. [Dkt. 77]. The parties also reported that Plaintiff's counsel received certain materials from Mr. Thomas on January 31, 2024, that Plaintiff's counsel was in process of reviewing, and that counsel required additional time to address the outstanding discovery requests. [Dkt. 77]. Defendants did not object to a short extension but were mindful of the June 14, 2024 fact discovery deadline. [Dkt. 77].

5. On February 3, 2024, in response to that status report, the Court directed Defendants to file a motion to compel by February 16, 2024. [Dkt. 78]. This Court also directed Plaintiff to file any response by March 1, 2024. *Id.*

7. Defendants waited until February 16, 2024 to file their motion to compel to allow Plaintiff the maximum amount of time to comply with this Court's order. As no production occurred, Defendants filed a motion to compel. [Dkt. 79].

8. Plaintiff did not file any response.

9. On March 6, 2024, the Court ordered Plaintiff to provide a supplemental answer to Defendants' Interrogatory No. 10 and to respond in full to Defendants' request for production. [Dkt. 80].

10. The Court unequivocally directed Plaintiff to provide those discovery responses by March 13, 2024. *Id.* The Court advised Defendants to file a sanctions motion by today's date (March 20, 2024) if Plaintiff did not comply. *Id.*

11. Plaintiff remained silent.

12. The March 13, 2024 deadline came and went without any response from Plaintiff; Plaintiff requested no relief from this Court.

13. On Friday, March 15, 2024, the undersigned emailed Plaintiff's counsel to inquire about Plaintiff's responses. The email included this Court's March 6, 2024 order for reference.

14. At 1:35 p.m. on March 20, 2024, after undersigned counsel had begun drafting this motion, Plaintiff's counsel contacted the undersigned via email and advised that "I have had no contact with Mr. Thomas. He has not responded to my letters and has not called. I have a call in to the institution for an emergency call and I am waiting on a response."

15. The undersigned subsequently received a voicemail at 2:32 p.m. from Plaintiff's counsel, who indicated that she had spoken with "the institution," advised that she would hopefully have responses soon, and requested further discussion. The undersigned returned the call and left a voicemail at 3:28 p.m. The undersigned did not receive a response before filing this motion after 7:30 p.m.

16. Given the prior history and the current status, the schedule set by this Court in prior orders, and to maintain Defendants' rights on this issue, Defendants proceed forward with this motion.

17. In sum, to date:

    A. After repeated efforts and expenditures of time by Defendants' counsel and this Court to obtain compliance on outstanding discovery matters, no supplemental discovery responses have been received from Plaintiff;

    B. Defendants still have received no response to their requests to produce;

    C. Plaintiff neither sought nor received any relief from this Court's February 3, 2024 Order;

    D. Plaintiff was silent in the face of Defendants' February 16, 2024 motion to compel and the Court's granting of that motion;

    E. Plaintiff failed to abide by this Court's Order requiring production by March 13, 2024, even in the face of this Court's invitation of a sanctions motion for continued non-compliance;

        F.        Plaintiff neither sought nor received any relief from this Court regarding the deadlines set in the March 13, 2024 Order;

        G.        Plaintiff is now apparently unresponsive and uninterested in pursuing his case.

18.    "Sanctions under Rule 37(b)(2) are appropriate 'when a district court finds that a party failed to comply with a discovery order because of willfulness, bad faith, or fault.'" *Willis v. Northern Illinois Gas Co. (Nicor Gas)*, No. 17-cv-08657, 2020 WL 7626734, 2020 U.S. Dist. LEXIS 240694, at *8 (N.D. Ill. Dec. 22, 2020) (citation omitted). Rule 37(b)(2)(a)(v) authorizes the dismissal of an action as an appropriate sanction for a litigant's failure to comply with a court order. *Id.*; *see also* FED. R. CIV. P. 37(b)(2)(a)(v). It is within this Court's "sound discretion" "to dismiss an action for failure to comply with discovery orders." *Willis*, 2020 U.S. Dist. LEXIS 240694 at *8.

19.    While dismissal "is a 'harsh sanction' that should only be used on a limited basis," it is appropriate "if the plaintiff's misconduct is 'serious or repeated.'" *Id.* (citations omitted). This Court's dismissal is appropriate if it is "'proportionate to the circumstances,'" which can include instances where there "is a 'clear record of delay.'" *Id.* (citations omitted). Appropriateness of dismissal as a sanction also takes into consideration other aspects of the litigation, such as the litigant's limited financial situation and the resulting lack of efficacy of a financial sanction. *Id.* at *10. "Incomplete or evasive responses may be grounds for dismissal of an action under Rule 37(b)" as is "a party's failure to respond to requests for production." *Brown v. McDonalds Restaurants of Ills., Inc.*, No. 21 C 1769, 2023 U.S. Dist. LEXIS 52707, at *5 (N.D. Ill. Mar. 28, 2023). In addition, this Court has "inherent authority to impose sanctions for litigation misconduct that involves 'bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.* at * 6. "[I]t is axiomatic that the appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty – dismissal with prejudice." *Id.* at *5.

20. Defendants respectfully submit that the circumstances in this case are appropriate for dismissal of this litigation as an appropriate Rule 37 sanction or under the Court's inherent authority.

21. First, Plaintiff is a litigant of limited financial means as reflected by his request to proceed *in forma pauperis* at the outset of this case. [Dkt. 3] (IFP petition and attached trust fund statement). While Judge Feinerman denied Plaintiff's IFP petition, it was not because Plaintiff had sufficient resources; it was because he squandered his assets prior to filing suit. [Dkt. 5]. In so doing, Judge Feinerman cited *Merritte v. Templeton*, 493 F. App'x 782, 784-85 (7th Cir. 2012) for the proposition **that a "prisoner's decision to place payment of filling fee at the bottom of his list of priorities demonstrates an 'implied evaluation of [his] suit that the courts should be entitled to honor.'"**) (emphasis added). [Dkt. 5 at 2]. Judge Feinerman's statement proved to be a harbinger of the current situation. Plaintiff's lack of limited resources also counsels against financial sanctions as an appropriate sanction and in favor of dismissal. *See Willis*, 2020 U.S. Dist. LEXIS 240694, at *10. ("Plaintiff's *in forma pauperis* status strongly suggests that a 'financial sanction as an alternative to dismissal [i]s unlikely to be effective.") (citation omitted) (emphasis added).

21. Second, on February 16, 2022, this Court recruited alternative counsel for Plaintiff. [Dkt. 14]. Approximately seven months later, that recruited counsel made an oral motion to withdraw, which Judge Feinerman granted. [Dkt. 20]. Judge Seeger subsequently requested an explanation for the withdrawal [Dkt. 30], which Plaintiff's former counsel provided on February 8, 2023 [Dkt. 31]. Former counsel explained to Judge Seeger that he had conferred with Plaintiff on multiple occasions, obtained Plaintiff's healthcare records from Pontiac Correctional Center and University of Illinois Hospital, "interviewed a number of the medical staff at Pontiac"[1] and "corresponded with the medical doctor who treated Mr. Thomas at University of Illinois Hospital." [Dkt. 31]. **Former recruited**

---

[1] It is currently unknown who was interviewed. Defense counsel has requested information from Plaintiff on the subject and does not waive the ability to raise any issues related to this subject if the case proceeds forward.

**counsel explained that, after conducting this review, he "was unable to file an amended complaint consistent with the Court's order appointing [him] as counsel,"** and had previously advised Judge Feinerman of this analysis and conclusion. *Id.* (emphasis added).

22. Judge Feinerman's recruitment order directed counsel to "file an amended complaint if he is able to do so consistent with Civil Rule 11." [Dkt. 14]. Of course, Rule 11 requires counsel to implicitly represent to this Court that any filed pleading is, after "inquiry reasonable under the circumstances," made in good faith. FED. R. CIV. P. 11(b). Accordingly, the fair reading of counsel's report is that he determined that he could not pursue Plaintiff's claims in good faith after his investigation of the underlying facts. This conclusion is confirmed by Plaintiff's subsequent lack of resistance to a subsequently granted motion to dismiss by Defendants Bautista and Estate of Obaisi for lack of plausible allegations. *See* [Dkt. 54] (motion) & [Dkt. 65] (Order noting lack of opposition and granting dismissal). It also explains Plaintiff's apparent lack of appetite in pursuing this case.

23. Finally, Plaintiff's refusal to abide by this Court's scheduling order is sufficiently serious and repeated to justify dismissal. Plaintiff has had ample notice and opportunity to fully comply with baseline discovery requests. Instead, he proceeded past this Court's initial scheduling order regarding written discovery (see [Dkt. 67 & 74]), failed to provide complete responses by this Court's subsequent and "firm" discovery deadline of January 12, 2024 (see [Dkt. 78 & 80]), failed to abide by this Court's subsequent and implicit pre-motion deadline of February 16, 2024 [see Dkt. 78, 79], stood mute to Defendant's motion to compel [see Dkt. 80] and now has silently sailed past this Court's most recent "or else" order inviting this motion for sanctions. [Dkt. 80]. Only on the very day that Defendants were to file their motion for sanctions was some light shed on the situation–and it again revealed Mr. Thomas's lack of interest in meeting litigation responsibilities. *See* [Dkt. 5, at 2].

24. Defendants have a due process interest in being spared the time and expense of defending a case against a plaintiff unwilling to prosecute his own case. *Willis*, 2020 U.S. Dist. LEXIS

240694, at *10. Defendants respectfully submit that this concern is heightened in this litigation, where there have been prior objective markers that Plaintiff's case lacks merit. Plaintiff's repeated disregard of this Court's orders again "demonstrates an 'implied evaluation of [his] suit that the courts should be entitled to honor.'" [Dkt. 5, at 2].

WHEREFORE, Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

/s/ Chad M. Skarpiak
Matthew H. Weller
Chad M. Skarpiak
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 (fax)
cskarpiak@cassiday.com
mweller@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I electronically filed the foregoing document with the clerk of court for the Northern District of Illinois, Eastern Division, using the court's electronic case filing system, which will notify counsel of record of such filing.

/s/ Chad M. Skarpiak

11786716